IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MELODY COOPER, individually and as personal representative of the Estate of Kwamena Ocran | : |
| | : |
| | : |
| | : |
| | Civil Action No. DKC 22-0052 |
| v. | : |
| | : |
| OFFICER JAMES DOYLE, et al. | : |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights action arising from the death of Kwamena Ocran are (1) the partial motion to dismiss filed by Defendant Officer James Doyle (ECF No. 18) and (2) the motion to dismiss or, in the alternative, to bifurcate and stay discovery filed by the City of Gaithersburg ("Defendant City of Gaithersburg" or "the City") (ECF No. 20). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant Doyle's motion will be denied, and Defendant City of Gaithersburg's motion will be granted in part and denied in part.

## I.   Background

The following facts are alleged in Plaintiff's complaint. (ECF No. 1). On the evening of January 8, 2021, officers of the Gaithersburg Police Department ("GPD") arranged for a Cooperating Informant ("CI") to induce the Decedent, Mr. Ocran, to go outside

Mr. Ocran's girlfriend's apartment building in Gaithersburg, Maryland, where the officers would be waiting. The CI informed the GPD that Mr. Ocran would be in possession of a firearm during the encounter. Mr. Ocran exited the apartment with the CI and began walking down the sidewalk, where he was approached by Officer Kyle Khuen and two other Defendant Officers wearing plain clothes. Apparently realizing that the people approaching him were police officers, Mr. Ocran turned to run away through a parking lot and around a corner. As Mr. Ocran ran away, the officers fired their weapons, striking Mr. Ocran several times in the back and killing him. According to the complaint, civilian witnesses have represented that Mr. Ocran did not have a firearm in his hands at any point prior to being shot by the officers, although a weapon was found next to his body after the shooting. The complaint describes a ballistic analysis conducted as part of an investigation into the shooting that supports a conclusion that the only weapons fired at the scene were those of the officers.

Mr. Ocran's mother, next of kin, and the representative of his estate, Melody Cooper, filed the instant lawsuit against Officer James Doyle, Officer Kyle Khuen, Sgt. Willie Delgado, Cpl. Larbi Dakkouni, and unknown officers (together, the "Defendant Officers"); Montgomery County, Maryland; the Gaithersburg Police Department; and the City of Gaithersburg. Plaintiff has since

voluntarily dismissed Montgomery County from the lawsuit. (ECF
No. 12). The complaint asserts six claims:

1) 42 U.S.C. § 1983 – Excessive Force in
Violation of the Fourth Amendment (Against
the Defendant Officers)

2) Wrongful Death – Negligence; Negligence Per
Se; Gross Negligence; Negligent Training,
Supervision, and Retention (Against all
Defendants)

3) Survival Action (Md. Cts. & Jud. Pro. Code
6-401) – Negligence; Negligence Per Se;
Gross Negligence; Negligent Training,
Supervision, and Retention; Assault
(Against all Defendants)

4) Assault/Battery (Against the Defendant
Officers)

5) Respondeat Superior (Against the
Gaithersburg Police Department and the City
of Gaithersburg)

6) Maryland Declaration of Rights Article 24:
Deprivation of Liberty and Property,
Excessive Force, and Homicide (Against the
Defendant Officers and the City of
Gaithersburg)

Defendant Delgado filed an answer on March 10, 2022. (ECF
Nos. 15). On March 14, 2022, Defendant Doyle filed an answer, and
later that same day, he filed a motion to dismiss Counts II and
III for failure to state a claim upon which relief can be granted.
(ECF Nos. 17-18). Defendant City of Gaithersburg filed a motion
to dismiss the complaint for failure to state a plausible claim,
or in the alternative, to bifurcate all matters related to the
City of Gaithersburg and stay discovery. (ECF No. 20). Defendants

3

Khuen and Dakkouni subsequently filed answers to the complaint. (ECF Nos. 24 & 27).

## II.  Standard of Review

Although Defendant Doyle styled his motion as a partial motion to dismiss, it will be construed as a motion for judgment on the pleadings because he filed an answer to the complaint prior to filing the motion.  *See Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002).  However, the standard governing motions for judgment on the pleadings is the same as the standard governing motions to dismiss for failure to state a claim under Rule 12(b)(6).  *Id.* at 405-06.

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint.  *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A complaint needs only to satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  But "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must include more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(alteration in original) (internal quotation marks omitted).  "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)) (alteration in original).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When undertaking this review, the court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(citing *Mylan Lab'ys., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

## III. Analysis

### A. Defendant Gaithersburg Police Department

As an initial matter, Defendant City of Gaithersburg moves to dismiss the Gaithersburg Police Department as a defendant because a police department is not an independent entity capable of being sued. (ECF No. 20-1 at 6). Plaintiff concedes this point, (ECF No. 22-1 at 2), and this court agrees. *See Revene*, 882 F.2d at 874; *see also Hines v. French*, 157 Md.App. 536, 573 (2004). The Gaithersburg Police Department will be dismissed from the lawsuit.

### B. Count I: Section 1983 Excessive Force Claim

Defendant City of Gaithersburg only challenges Count I insofar as it can be read to bring a *Monell* claim[1] against the City and not just an excessive force claim against the Defendant Officers. (ECF No. 20-1 at 7). This court does not read the complaint as naming the City as a defendant in Count I, and even if it could be read that way, the complaint does not allege sufficient facts to support such a claim. Plaintiff concedes this point as well. (ECF No. 22-1 at 2). To the extent Count I can be read to name the City of Gaithersburg as a defendant, it will be dismissed against the City.

### C. Counts II and III: State Tort Claims

#### 1. Defendant Doyle

Defendant Doyle moves to dismiss the negligence-based claims contained in Counts II and III on the grounds of public official immunity. (ECF No. 18-1). Plaintiff argues that the Defendant Officers are not protected by public official immunity because the facts alleged in the complaint show that they acted with malice. (ECF No. 21-1).

Public official immunity applies if (1) the alleged tortious actor is a public official; (2) the actor engaged in the tortious conduct while performing discretionary, as opposed to ministerial,

---

[1] *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978).

acts in furtherance of his official duties; and (3) the actor was not acting with malice. *See Williams v. Mayor & City Council of Balt.,* 359 Md. 101, 140-41 (2000); *see also* Md.Code Ann., Cts. & Jud. Proc. § 5-507(a)(1) (codifying common law public official immunity for municipal officials). Police officers are "public officials" under Maryland law, and they are acting in a discretionary capacity when acting within the scope of their law enforcement function. *See Robinson v. Bd. of Cnty. Comm'rs for Prince George's Cnty.,* 262 Md. 342, 347 (1971). Plaintiff does not dispute that the first two elements are met. (*See* ECF No. 1 at ¶ 50; *see generally* ECF No. 21-1). The only contested issue is whether Plaintiff has sufficiently pled that the Defendant Officers acted with malice.

A plaintiff cannot overcome a motion raising immunity by "[m]erely asserting that an act was done maliciously" but rather must "allege with some clarity and precision those facts which make the act malicious." *Elliott v. Kupferman*, 58 Md.App. 510, 528 (1984). Under Maryland law, malice is established by proof that a defendant-officer performed "an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff." *Leese v. Baltimore County*, 64 Md.App. 442, 480 (1985). Malice can be inferred by a public official's "unjustified application of malignant force." *See Solis v. Prince*

7

*George's County*, 153 F.Supp.2d 793, 805 (D.Md. 2001).   Public official immunity can also be defeated by a finding that the defendant-officer acted with gross negligence.   *Cooper v. Rodriguez*, 443 Md. 680, 723 (2015).   Gross negligence is established by proof of a defendant-officer's "intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another."   *Id.* at 686 (internal quotation marks omitted).

Here, Plaintiff has alleged "with some clarity and precision," *see Elliott*, 58 Md.App. at 528, facts that, when construed in the light most favorable to Plaintiff, make the Defendant Officers' actions malicious or at least grossly negligent: the Defendant Officers shot Mr. Ocran several times in the back as he ran away from them without a weapon in his hands. This court and Maryland courts have repeatedly held that a defendant-officer's use of gratuitous force against a person for no good reason constitutes "malice" such that it defeats the officer's public official immunity.   *See, e.g.*, *Solis*, 153 F.Supp.2d at 805 (finding malice where an officer, without provocation or resistance, choked the plaintiff and struck him multiple times); *Williamson v. Prince George's County*, No. 10-1100-DKC, 2011 WL 280961, at *6 (D.Md. Jan. 26, 2011) (finding malice where an officer "gratuitous[ly]" beat a plaintiff in response to the plaintiff's "reasonable question"); *Johnson v.*

8

*Prince George's County*, No. 10-0582-DKC, 2011 WL 806448, at *7
(D.Md. Mar. 11, 2011) (finding malice where an officer responded
to the plaintiff's "ordinary questions" with pepper spray and a
beating); *Sawyer v. Humphries*, 322 Md. 247, 261 (1991) (finding
malice where an officer wrestled the plaintiff to the ground and
beat him without cause or provocation).

Under the facts as alleged, Mr. Ocran did not pose a risk of
harm to the officers or others by simply running away from them,
without having committed a violent crime or giving the officers
reason to believe he was about to do so.  Under those facts, the
officers' application of lethal force would be unjustified and
malicious.  *Cf. Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("Where
[a fleeing] suspect poses no immediate threat to the officer and
no threat to others, the harm resulting from failing to apprehend
him does not justify the use of deadly force to do so.").  The
claims against Defendant Doyle in Counts II and III will proceed
to discovery.

### 2. Defendant City of Gaithersburg

Defendant City of Gaithersburg moves to dismiss the claims
against it in Counts II and III on the grounds of governmental
immunity.  (ECF No. 20-1 at 10).  Plaintiff argues that Defendant
City of Gaithersburg cannot claim governmental immunity because
the Maryland Local Government Tort Claims Act (the "LGTCA")
precludes it from doing so.  (ECF No. 22-1 at 3).

9

Under Maryland law, "[a] local governmental entity is liable for its torts if the tortious conduct occurs while the entity is acting in a private or proprietary capacity, but, unless its immunity is legislatively waived, it is immune from liability for tortious conduct committed while the entity is acting in a governmental capacity." *DiPino v. Davis*, 354 Md. 18, 47 (1999). Although not totally clear, Plaintiff's complaint appears to bring tort claims in Counts II and III both directly against the City of Gaithersburg, under a negligent training and supervision theory, and indirectly against the City, under a respondeat superior theory for the torts allegedly committed by its employees. Governmental immunity applies to both types of claims. Defendant City of Gaithersburg was acting in a governmental capacity in employing and supervising police officers, *see Lanford v. Prince George's County*, 199 F.Supp.2d 297, 302 (D.Md. 2002) (applying governmental immunity to a negligent hiring, training, and retention claim), and the Defendant Officers were acting in a governmental capacity in purporting to enforce the law, *see DiPino*, 354 Md. at 48 (applying governmental immunity to a tort claim against a city under a respondeat superior theory for the alleged torts of a police officer). Plaintiff does not dispute this. (*See generally* ECF No. 22-1).

Plaintiff's argument regarding the application of the LGTCA is unavailing. The LGTCA provides that "a local government shall

10

be liable for any judgment against its employee for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government" and that "[a] local government may not assert governmental or sovereign immunity to avoid" this duty.  Md.Code Ann., Cts. & Jud. Proc. § 5-303(b).  However, the LGTCA does not operate as a "blanket waiver of governmental immunity," and it "does not authorize the maintenance of a suit directly against the local government." *Williams v. Prince George's County*, 112 Md.App. 526, 554 (1996). As the Court of Special Appeals of Maryland has explained:

> Nowhere in the [LGTCA] . . . is there a waiver of immunity so that the governmental entity is subject to being made a party to an action based upon its employee's or agent's tortious acts.  The governmental entity's liability is analogous to a public liability policy on an automobile.  The insurance company is liable for such damages as its assured may inflict, but, generally speaking, the insurance company is not an entity which may be sued for its assured's torts.

*Nam v. Montgomery County*, 127 Md.App. 172, 184 (1999).  Because governmental immunity bars Plaintiff's state tort claims in Counts II and III against Defendant City of Gaitherburg, those Counts will be dismissed to the extent they are brought against the City.

### D. Count V: Respondeat Superior Claim[2]

Defendant City of Gaithersburg moves to dismiss Count V, which is entitled "Respondeat Superior," because respondeat superior is a theory of liability rather than an independent cause of action. Plaintiff does not respond to this contention. Defendant is correct. *See Stewart v. Bierman*, 859 F.Supp.2d 754, 768 n.8 (D.Md. 2012) ("[T]here is no separate cause of action for respondent superior[.]"). Count V will be dismissed.

### E. Count VI: State Constitutional Claim

Defendant City of Gaithersburg moves to dismiss Count VI on the grounds that Plaintiff failed to state a plausible claim that the City violated the Maryland Declaration of Rights, either directly or under a respondeat superior theory. (ECF No. 20-1 at 9). Plaintiff argues that she did state a plausible claim that, because of the Defendant Officers' use of force, Defendant City of Gaithersburg is vicariously liable for their violations of the Maryland Declaration of Rights. (ECF No. 22-1 at 4-5). She does not argue that she stated a plausible claim that Defendant City of Gaithersburg directly violated the Maryland Declaration of Rights, and the complaint is devoid of any facts or allegations to support such a claim.

---

[2] Neither motion to dismiss challenges the sufficiency of Count IV, the assault and battery claim against the Defendant Officers.

The complaint only specifically named Article 24, commonly referred to as the Maryland equivalent of the Fourteenth Amendment. *See Beall v. Holloway-Johnson*, 446 Md. 48, 68 (2016). However, Maryland courts analyze excessive force claims brought under Article 24 the same as if they were brought under Article 26 of the Declaration of Rights, commonly referred to as the Maryland equivalent of the Fourth Amendment: claims under both Articles are analyzed *in pari materia* with the Fourth Amendment to the United States Constitution. *See Hines v. French*, 157 Md.App. 536, 574-75 (2004) ("The standards for analyzing claims of excessive force are the same under Articles 24 and 26 of the Maryland Constitution as that under the Fourth Amendment of the United States Constitution."); *see also Williams*, 112 Md.App. at 547. However, "[u]nlike in a § 1983 action and unlike in an action for some common law torts, neither the local government official nor a local governmental entity has available any governmental immunity in an action based on rights protected by the State Constitution." *DiPino*, 354 Md. at 51. And "local governmental entities do, indeed, have *respondeat superior* liability for civil damages resulting from State Constitutional violations committed by their agents and employees within the scope of the employment." *Id.* at 51-52.

The question is whether Plaintiff has stated a claim of excessive force against the Defendant Officers, and vicariously,

against Defendant City of Gaithersburg.  The standard for whether police officers have used excessive force, as under the Fourth Amendment, is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." *Branch v. McGeeney,* 123 Md.App. 330, 348 (1998)(internal quotation marks omitted) (quoting *Graham v. Connor,* 490 U.S. 386, 397 (1989)).  In a case where a police officer uses deadly force against a fleeing suspect, the standard for reasonableness is whether "the officer 'has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or others.'" *Estate of Blair by Blair v. Austin*, 469 Md. 1, 23–24 (2020) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)).  "[A]n objectively reasonable officer would use deadly force *only* when threatened with serious physical harm." *Id.* at 24.

Again, under the facts as alleged, the Defendant Officers' shooting Mr. Ocran as he fled without a weapon in his hands would be objectively unreasonable.  Plaintiff has stated a plausible claim for violations of the Maryland Declaration of Rights against the Defendant Officers, and because they committed the alleged violations while acting in the scope of their employment with Defendant City of Gaithersburg, Plaintiff has likewise stated a plausible claim against the City.  Count VI will proceed to discovery.

14

**F. Bifurcation**

Finally, Defendant City of Gaithersburg moves to bifurcate all matters related to the City and to stay or phase discovery as it pertains to the City.  However, in its reply, the City seems to have conceded that bifurcation would not be appropriate if there is no *Monell* claim brought against it.  (ECF No. 26 at 5-6).  Because the only remaining claim against the City involves a theory of vicarious liability, this court agrees that bifurcation would be inappropriate.  *See Shields v. Prince George's County*, No. 15-1736-GJH, 2016 WL 4581327, at *4 (D.Md. Sept. 1, 2016) (noting that in cases involving claims based on a theory of vicarious liability, bifurcation is inappropriate because the employer "is not simply an inactive defendant" (internal quotation marks omitted)).

As for the request to stay or phase discovery, it is premature to decide whether to do so at this time.  *See id.* at *4 n.6; *see also Morgan v. City of Rockville*, 13-1394-PWG, 2013 WL 6898494, at *7 (D.Md. Dec. 30, 2013).

**IV.  Conclusion**

For the foregoing reasons, Defendant Doyle's motion will be denied, and Defendant City of Gaithersburg's motion will be granted in part and denied in part.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

15